## Commonwealth v. Gentry.

(Decided Dec. 3, 1935.)

G. MURRAY SMITH, Commonwealth's Attorney, Twenty-Fifth Judicial District, BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellant.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Certifying the law.

W. S. Gentry was indicted for a violation of section 1213a, Kentucky Statutes, as amended by Acts 1930, c. 179, known as "the Cold Check Law." At the conclusion of the evidence for the commonwealth, an acquittal was directed by the trial judge. The commonwealth has appealed for the purpose of having the law certified.

The evidence on behalf of the commonwealth is as follows: On March 6, 1934, A. B. Cornett, a citizen of Berea, cashed a check for $25, drawn by the accused on the Union Bank & Trust Company, of Irvine, Ky., and payable to the order of Cornett & Sons. The check was deposited by Mr. Cornett in his bank at Berea for collection and credit. Thereafter the check was returned unpaid, and Mr. Cornett paid protest fees of $2.65. Thereupon he wrote the accused advising him the check had been returned unpaid and protested, whereupon the accused wrote him that he would see him and straighten up the matter. No part of the check had been paid. There was further evidence that the Union Bank & Trust Company of Irvine was a banking institution organized under the laws of the state of Kentucky to do a general banking business, with its principal office and place of business at Irvine.

On behalf of the commonwealth, it is insisted that, when the foregoing facts were shown, the burden then shifted to the accused to show that at the time he gave the check he had the money in the Union Bank & Trust Company with which to meet it. The argument is that the commonwealth should not be required to go to the expense of bringing some officer of the bank to the place of trial to testify that the accused had no funds in the bank, but, inasmuch as the accused starts the check in motion, all that the commonwealth should be required to show is that the accused obtained the money on a check which had been returned unpaid, and his attention had been called to the fact before the institution of the prosecution. Though the argument is ably pressed, we are confronted by principles of law too well settled to permit of a change at this time. Section 172, Criminal Code of Practice, authorizes three pleas to an indictment; guilty, not guilty, and former conviction or acquittal, but does not restrict defenses to those pleas. The accused may rely upon some separate matter of defense not covered by those pleas, but consisting of facts

wholly disconnected from the body of the particular offense charged, and constituting a distinct affirmative defense, such as insanity, and the burden of proof to establish such matter is on the accused. Where no such separate and affirmative defense is relied on, but there is merely a plea of not guilty, that plea puts in issue every fact necessary to a conviction, and the burden of establishing those facts beyond a reasonable doubt remains with the commonwealth throughout the trial and never shifts to the accused. Ball v. Commonwealth, 81 Ky. 662; Little v. Commonwealth, 177 Ky. 24, 197 S. W. 514. As said by Mr. Wharton in his work on American Criminal Law, sec. 707, and approved by this court in Payne v. Commonwealth, 1 Metc. 370, and also in Farris v. Commonwealth, 14 Bush, 362, "the principle may be broadly stated, that when the defendant relies on no separate, distinct, and independent fact, but confines his defense to the original transactions on which the charge is founded, with its accompanying circumstances, the burden of proof continues throughout with the prosecution." In view of this long-established rule, the burden never shifted to the accused to show that he had sufficient funds in the bank to meet the check, but the burden of showing that he did not have "sufficient funds in, or credit with such bank, or other depository, for the payment of such check" was on the commonwealth. There being a failure of proof, it follows that the peremptory was proper.

Wherefore, this opinion is certified as the law of the case.