Ray ANDERSON, Petitioner,

v.

J. B. JOHNSON, Judge of the Whitley Circuit Court, Respondent.

Court of Appeals of Kentucky.

June 6, 1958.

---

Fritz Krueger, Somerset, for petitioner.

T. E. Mahan, C. B. Upton, Williamsburg, for respondent.

STANLEY, Commissioner.

Ray Anderson, in this original action, seeks an order prohibiting the Honorable J. B. Johnson, Judge of the Whitley Circuit Court, from trying him on an indictment for grand larceny.

The petitioner states that during the course of his trial in September, 1947, on a charge of murder, he had testified that immediately before or at the time of the homicide he had stolen a cow belonging to Charley Crowley; that he was convicted of murder and sentenced to life imprisonment therefor; and that after his release from prison on parol nine years later the present indictment was returned. The petitioner charges that from the beginning and during this period the Commonwealth's prosecuting officers were in full possession of all the facts upon which the present indictment is based, and that they had deferred having the indictment returned in order "to avoid the holdings of this court" so that "the petitioner could be imprisoned again after serving his life sentence." He further charges that the respondent will try him and thereby violate his constitutional rights under § 11 of the Kentucky Constitution, and due process of law under the Fourteenth Amendment of the Federal Constitution. The order is sought upon the ground that the petitioner has no adequate remedy by appeal since the Criminal Code of Practice does not provide for a plea raising the questions here raised.

The respondent admits the allegations of fact but denies the conclusions of law.

We are at a loss to understand what are referred to as the "holdings of this court," unless the reference is to the implication of § 288, of the Criminal Code of Practice, that upon multiple convictions at the same term the court has discretion to order that the defendant's sentences be served concurrently or consecutively. See, however, Morris v. Commonwealth, Ky., 268 S.W.2d 427. If that is the reference, obviously this ground is merely suppositional.

The allegation that the petitioner would be deprived of his constitutional rights seems to rest on the view that the right to a speedy trial (§ 11, Ky.Const.) includes the right to a speedy indictment unless the accused occasioned the delay or the Commonwealth had justifiable cause for not sooner commencing the prosecution, as was held in Ex parte Trull, 133 Kan. 165, 298 P. 775, cited in 22 C.J.S. Criminal Law § 474.

We find no merit in the contention that the petitioner would have no adequate remedy should he be convicted because § 172, Criminal Code of Practice, limits his pleas to guilty, not guilty and former jeopardy, and does not provide for any plea by which the defendant may raise the question stated. We have held that the Code does not prohibit a defendant from pleading and relying upon a distinct affirmative defense based on facts disconnected from the body of the particular offense charged. Commonwealth v. Gentry, 261 Ky. 564, 88 S.W.2d 273. The defendant may enter his claim of a violation of his constitutional rights by an appropriate motion to abate or dismiss the indictment. If such a motion be entered and decided adversely to the defendant and he should be

convicted, he will have the right to have the decision reviewed on an appeal.

The writ of prohibition is denied and the petition dismissed.

BIRD, J., not sitting.