**Leffa Ernest HOBSON, Petitioner,**

v.

**Honorable L. R. CURTIS, Judge, Jefferson Circuit Court, etc., Respondent.**

Court of Appeals of Kentucky.

Dec. 4, 1959.

Cambron, Harvin & Robinson, Louisville, for appellant.

Laurence E. Higgins, Commonwealth's Attorney, George Ryan, Thomas Burton, Assistant Commonwealth's Attorneys, Louisville, for appellee.

MONTGOMERY, Chief Justice.

Leffa Ernest Hobson is asking this Court to prohibit the Honorable L. R. Curtis, Judge, Jefferson Circuit Court, from trying the case of the Commonwealth v. Leffa Ernest Hobson which has been set for December 8, 1959.

Petitioner was arrested on September 5, 1959, and charged with having committed an abortion. While this charge was pending in the Louisville Police Court, awaiting an examining trial, the grand jury of Jefferson County returned the indictment on which petitioner is to be tried. It is contended that the anticipated action in the Jefferson Circuit Court will be contrary to United States Constitution Amendments IV and VI, Kentucky Constitution Section 143, Criminal Code of Practice, Sections 49, 50, and 115, KRS 26.020, 26.130, 26.140, 26.360, and 26.610. Petitioner insists that the proceeding in the police court has precedence over the one in the circuit court.

The proceeding in the examining court was unnecessary to enable the grand jury to indict the accused, and under the indictment he could be tried without regard to the outcome of the case in the examining court. The pendency of the prosecution in the examining court did not control the action of the grand jury in investigating the offense, as an indictment may be returned properly while an offense is being investigated by an examining court. Osborn v. Commonwealth, 20 S.W. 223, 14 Ky.Law Rep. 246. See also Roe v. Commonwealth, 6 Ky.Law Rep. 368, 13 Ky.Op. 96.

The bases for the granting of relief in the nature of prohibition were recently stated in Childers v. Stephenson, Ky., 320 S.W.2d 797, 799, to be:

"(1) The inferior court is threatening to proceed or is proceeding in a matter in which it has no jurisdiction and there is no remedy through an application to an intermediate court; and (2) although proceeding within its jurisdiction it is exercising or about to exercise it erroneously and there exists no adequate remedy by appeal, or otherwise, and great injustice and irreparable injury would result to the applicant if it should do so."

There is a complete failure to show any basis for relief in the nature of prohibition. Any violation of the constitutional or statutory provisions suggested by petitioner may be considered on appeal. Anderson v. Johnson, Ky., 314 S.W.2d 202.

Relief is denied.