**Prince VINSON, Petitioner,**

**v.**

**Hon. Frederick M. WARREN, Judge, Campbell Circuit Court, Respondent.**

Court of Appeals of Kentucky.

March 15, 1968.

James L. Cobb, Jr., Covington, Eugene D. Smith, Cincinnati, Ohio, for petitioner.

Robert Matthews, Atty. Gen., George F. Rabe, Asst. Atty. Gen., for respondent.

PALMORE, Judge.

In Vinson v. Commonwealth, Ky., 412 S.W.2d 565 (1967), this court reversed a judgment sentencing Prince Vinson to 10 years in prison following his conviction of involuntary manslaughter. KRS 435.022 (1). He had been tried on an indictment for murder and the case had been submitted to the jury under instructions covering murder, voluntary manslaughter, and involuntary manslaughter. The ground upon which the judgment was reversed was that the evidence did not justify an instruction on involuntary manslaughter. 412 S.W.2d at p. 568.

This is an original proceeding in this court by which Vinson now seeks to prohibit the respondent judge of the Campbell Circuit Court from conducting a new trial on the murder charge. He contends that under Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199, 61 A.L.R.2d 1119 (1957), the conviction of involuntary manslaughter operated as an acquittal on the murder charge and the voluntary manslaughter charge embraced therein, and that a new trial will violate the Fifth Amendment proscription of double jeopardy.

We need not discuss whether the principle of the *Green* case applies to state court proceedings. See, however, Blanton v. Commonwealth, Ky., 320 S.W.2d 626 (1959). The dispositive circumstance here is that in the event Vinson is convicted an appeal to this court will provide an adequate remedy. Prohibition will not lie. Hobson v. Curtis, Ky., 329 S.W.2d 565 (1959); Anderson v. Johnson, Ky., 314 S.W.2d 202 (1958).

Prohibition is denied.

WILLIAMS, C. J., and MILLIKEN, MONTGOMERY, OSBORNE, and STEINFELD, JJ., concur.

HILL, J., dissents.