Carl Sims **PANKEY** et al., Petitioners,

v.

J. Miles **POUND**, Judge, etc., Respondent.

Court of Appeals of Kentucky.

May 31, 1968.

J. Bruce Miller, Donald M. Heavrin, Foster Jones, Glenn McDonald, Stuart Lyon, David Kaplan, Hubert Hevey, Louisville, for petitioners.

Carl C. Ousley, Jr., First Asst. Commonwealth's Atty., Louisville, for respondent.

MONTGOMERY, Judge.

Carl Sims Pankey, Leonard Thomas Pope, and Verser Joseph Swaite have filed a petition for an order of mandamus against J. Miles Pound, Judge of the Second Division, Criminal Branch, Jefferson Circuit Court. The prayer of the petition is "for an order compelling the respondent to perform those acts necessary to grant the Petitioners due process and a fair trial and thereby prevent irreparable injury to the Petitioners."

The petitioners and one Leonard Daniel Spears were indicted by the grand jury of the Jefferson Circuit Court on September 11, 1967, for willful murder and armed robbery. This petition was filed on March 26, 1968. The case had been set for trial on May 6, 1968, prior to March 26, 1968.

Counsel for petitioners had filed the following motions:

1. Motion for a hearing on change of venue.

2. Motion for a bond hearing.

3. Motion for a stenographer at proceedings.

4. Motion for discovery and inspection.

5. Motion for preliminary examination of the petitioners.

In addition, oral motions had been made as follows:

1. Motion to separate the jurors during the voir dire.

2. Motion to limit trying the case to regular court hours, 9 a. m.–6 p. m.

■ Petitioners complain that the respondent has overruled all of the motions mentioned. There is no claim that the respondent is acting without jurisdiction. Petitioners have an adequate remedy by appeal by which any claimed error may be reviewed. Bender v. Eaton, Ky., 343 S.W. 2d 799.

■ Several good reasons immediately come to mind why an appellate court cannot review piecemeal each ruling made by a trial court. First of all, such rulings usually are interlocutory; second, the record, as here, is not complete; third, the reviewing court cannot properly review the case unless the complete record is before it; and fourth, the administration of criminal justice cannot operate in an orderly manner by piecemeal review. The multiplicity of proceedings would congest the docket of both trial and appellate courts and bring about utter confusion.

■ There is some suggestion in the record that this proceeding may have been used as a device to avoid the May 6, 1968 trial. The prayer of the petition, when analyzed, asks for no specific relief and seeks the general relief that the judge perform his duties which he is required to do by his oath. If this be a true analysis, this proceeding borders on the frivolous and contemptuous in view of its lack of merit. This court is reluctant to exercise its extraordinary supervisory power except in exceptional or unusual cases. Slaughter v. Smith, Ky., 316 S.W.2d 364; Merrick v. Smith, Ky., 347 S.W.2d 537. Such is not the case here.

■ In Vinson v. Warren, Ky., 425 S.W.2d 562, prohibition was denied although the petitioner was urging a violation of his constitutional right as the basis for relief. It was held that:

"The dispositive circumstance here is that in the event Vinson is convicted an appeal to this court will provide an adequate remedy. Prohibition will not lie. Hobson v. Curtis, Ky., 329 S.W.2d 565 (1959); Anderson v. Johnson, Ky., 314 S.W.2d 202 (1958)."

See also Harrod v. Meigs, Ky., 340 S.W.2d 601.

None of the errors claimed herein rises above the dignity of a violation of a con-

stitutional right; hence, petitioners are not entitled to the relief sought.

Mandamus denied.

All concur.