James H. TURNER, Petitioner–Appellee,

v.

**STATE OF TENNESSEE,**
**Respondent–Appellant.**

No. 90–5109.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 5, 1990.

Decided Aug. 7, 1991.

J. Russell Heldman, Edward M. Yarbrough (argued), Hollins, Wagster & Yarbrough, Nashville, Tenn., for petitioner-appellee.

Kimberly Hattaway, Asst. Atty. Gen., Charles W. Burson, Atty. Gen., C. Anthony Daughtrey, Asst. Atty. Gen., (argued), Office of Atty. Gen., of Tenn., Nashville, Tenn., for respondent-appellant.

Before KEITH, MARTIN, and RYAN, Circuit Judges.

BOYCE F. MARTIN, Jr., Circuit Judge.

In our prior decision in this case we held that the due process clause of the four-

teenth amendment requires the State of Tennessee to provide a showing that the withdrawal of a former plea offer to a habeas corpus petitioner who was unconstitutionally deprived of effective assistance of counsel at the pre-trial stage was free of a reasonable apprehension of prosecutorial vindictiveness. *Turner v. Tennessee,* 858 F.2d 1201 (6th Cir.1988). The United States Supreme Court granted certiorari, vacated the judgment, and remanded the case for consideration in light of *Alabama v. Smith,* 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989), in which the Court found no judicial vindictiveness "where a second sentence imposed after a trial is heavier than a first sentence imposed [by the same judge] after a guilty plea." *Id.* 490 U.S. at 803, 109 S.Ct. at 2207, 104 L.Ed.2d at 875. On remand, the district court concluded that the *Alabama v. Smith* analysis should have no effect on the present case, but ultimately relied on other grounds in making its decision. We agree with the district court that *Alabama v. Smith* does not apply, and therefore affirm the district court's original opinion, 664 F.Supp. 1113, on that basis.

Because the facts of this case have been set forth in two prior opinions, *Turner v. Tennessee,* 664 F.Supp. 1113 (M.D.Tenn. 1987), *aff'd,* 858 F.2d 1201 (6th Cir.1988), we state only the essential facts. At some time prior to February 9, 1991, the State of Tennessee, through Assistant District Attorney General John Zimmerman, offered James Turner a two-year prison term in return for a guilty plea to simple kidnapping for the abduction and murder of Monte Hudson. On the unconstitutionally ineffective advice of counsel, Turner declined. Turner was thereafter tried and convicted of one count of felony murder and two counts of aggravated kidnapping. He was sentenced to life imprisonment for murder plus forty years for each kidnapping count.

Turner was granted a new trial on the grounds that he had received ineffective assistance of counsel in deciding to reject the two-year plea offer. Plea negotiations were reopened; however, Assistant District Attorney General Zimmerman, again representing the interests of the State of Tennessee, refused to offer Turner a plea bargain of less than twenty years imprisonment. After exhausting all possible state remedies, Turner sought relief from the United States District Court for the Middle District of Tennessee. The district court determined that the appropriate remedy for the deprivation of Turner's sixth amendment rights would be a new plea hearing during which a rebuttable presumption of prosecutorial vindictiveness would attach to any plea offer made by the State in excess of its original two-year offer. A prior panel of this court affirmed the district court's decision. We now reconsider that holding in light of *Alabama v. Smith.*

We find *Alabama v. Smith* to be inapplicable to the present case because the controversy before us was neither borne of the same circumstances nor would it satisfy the rationale underpinning the *Alabama v. Smith* holding. *Alabama v. Smith* addressed the appropriate standard for determining the possibility of vindictiveness on the part of a sentencing judge where that judge had previously imposed a lesser penalty pursuant to a guilty plea. In *Smith,* the trial judge sentenced the defendant to two concurrent terms of thirty years imprisonment under the terms of a plea agreement between the prosecution and the defendant. 490 U.S. at 796, 109 S.Ct. at 2203. Under that agreement, a third charge was dropped. Thereafter, Smith successfully challenged the validity of his guilty plea and was tried on the original three charges before the same trial judge. *Id.* Smith was convicted of all the charges against him and was sentenced to two concurrent terms of life imprisonment and one consecutive term of 150 years imprisonment. *Id.*

Smith challenged his increased sentence because of the reasonable likelihood of vindictiveness on the part of the sentencing judge, similar to that found in *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) (presumption of judicial vindictiveness arises where defendant receives greater penalty upon reconviction after the first conviction has been

overturned on appeal and remanded for a new trial). The Supreme Court rejected Smith's challenge stating,

> [w]hen a greater penalty is imposed after trial than was imposed after a prior guilty plea, the increase in sentence is not more likely than not attributable to the vindictiveness on the part of the sentencing judge. Even when the same judge imposes both sentences, the relevant sentencing information available to the judge after the plea will usually be considerably less than that available after a trial.... As this case demonstrates, in the course of the proof at trial the judge may gather a fuller appreciation of the nature and extent of the crimes charged. The defendant's conduct during trial may give the judge insights into his moral character and suitability for rehabilitation. Finally, after trial, the factors that may have indicated leniency as consideration for the guilty plea are no longer present.

*Alabama v. Smith*, 490 U.S. at 801, 109 S.Ct. at 2206 (citations omitted).

These factors distinguish *Alabama v. Smith* from the Court's holding in *Pearce* because

> [t]here, the sentencing judge who presides at both trials can be expected to operate in the context of roughly the same sentencing considerations after the second trial as he does after the first; any unexplained change in the sentence is therefore subject to a presumption of vindictiveness.

*Alabama v. Smith*, 490 U.S. at 802, 109 S.Ct. at 2206.

At the most cursory level, the case before us is easily distinguishable from *Alabama v. Smith* because it involves a question of prosecutorial rather than judicial vindictiveness. The Court in *Alabama v. Smith* simply did not speak to prosecutorial conduct other than to reiterate in a footnote that a realistic likelihood of vindictiveness is necessary before a presumption of prosecutorial vindictiveness can be applied. *Id.* 490 U.S. at 800, 109 S.Ct. at 2205, 104 L.Ed.2d at 873 n. 3; *see also United States v. Goodwin*, 457 U.S. 368, 102 S.Ct. 2485,

73 L.Ed.2d 74 (1982) (discussing criteria for determining when a realistic likelihood of prosecutorial retaliation exists). We find nothing in *Alabama v. Smith* to disturb the Court's prior holding in *Goodwin*, and therefore our position remains consistent that *Goodwin* requires a presumption of prosecutorial vindictiveness in this case. *Turner v. Tennessee*, 858 F.2d at 1208.

At a more meaningful level however, the present case is not only factually distinct from *Alabama v. Smith*, but logically distinct as well. The concern stated by the Court in *Smith*—that a sentencing judge be free to weigh the various factors that come to light during a trial which may not have been revealed at the pre-trial stage—does not arise in this case. The prosecution is unlikely to gain any new insight as to the moral character of the defendant, the nature and extent of the crime, or the defendant's suitability for rehabilitation at the conclusion of trial that it did not already possess from its extended investigation. Rather, the prosecution in such circumstances "can be expected to operate in the context of roughly the same sentencing considerations ...; any unexplained change in the sentence is therefore subject to a presumption of vindictiveness." *Alabama v. Smith*, 490 U.S. at 802, 109 S.Ct. at 874.

For the foregoing reasons, we find our prior decision in this case to be unaffected by *Alabama v. Smith*, and therefore affirm the judgment of the district court that the case be returned to the state forum where the prosecution may rescind its original plea offer only upon overcoming a presumption of vindictiveness.

RYAN, Circuit Judge, dissenting.

We have obediently given this case "further consideration in light of *Alabama v. Smith*, 490 U.S. [794, 109 S.Ct. 2201] (1989)," only to conclude, unanimously, that *Smith* casts no new light on the issues addressed in *Turner v. Tennessee*, 858 F.2d 1201 (6th Cir.1988). The majority has reiterated its judgment that at the new plea hearing to be held in the state court, a rebuttable presumption of vindictiveness

will attach to any sentence bargain offer made by the state in excess of its original offer of a two-year sentence cap.

In my separate opinion, concurring in part and dissenting in part, in *Turner, supra,* I expressed agreement with the district court's judgment that a writ of habeas corpus should issue in this case and found no fault with the remedy—a show cause hearing—that the district court fashioned in order to rectify the constitutional violation that occurred. I stated further, however, that I could not agree with the district court and the *Turner* majority that at the new plea hearing a presumption of vindictiveness should attach to the state's twenty-year plea bargain offer or to any offer by the state for confinement in excess of two years. I continue to be of that mind and, for the reader's convenience, restate here a portion of what I wrote in *Turner, supra:*

> I cannot agree with the district court's determination that a presumption of vindictiveness should attach to the state's twenty-year plea bargain offer. There is not the slightest indication in this record that the state's offer to the defendant to recommend that the trial court accept a plea of guilty to one count of aggravated robbery with a maximum sentence of twenty years' confinement is vindictive action taken as a means to punish the defendant for successfully appealing his conviction and seventy-year sentence.
>
> The unique facts of this case warrant the unique relief we have approved—a hearing at which the state is required to show cause why its former offer of a two-year maximum sentence should not be reinstated. But nothing in this court's opinion or the district court's suggests a valid reason for further burdening the state's position by imposing a judge-made presumption, albeit rebuttable, that the state's twenty-year plea offer is vindictive. The controlling Supreme Court authorities for determining whether a presumption of vindictiveness should be judicially imposed make clear that "the Due Process Clause is not offended by all possibilities of increased punishment ... but only by those that

pose a realistic likelihood of 'vindictiveness.' " *United States v. Goodwin,* 457 U.S. 368, 384 [102 S.Ct. 2485, 2494, 73 L.Ed.2d 74] (1982); *Blackledge v. Perry,* 417 U.S. 21, 27 [94 S.Ct. 2098, 2102, 40 L.Ed.2d 628] (1974). There is no such realistic likelihood in this case. The state originally had a compelling reason for making the inordinately lenient offer to Turner of a two-year plea: the concern that the prosecution would fail because Mrs. Hudson, one of the kidnapping victims, was "apprehensive about testifying again at the Turner trial," since she had already been through the unpleasant experience of testifying against Turner's co-defendant, Passarella. Apparently Mrs. Hudson's family also shared her reluctance to face the ordeal of another trial. Through no fault of the state of Tennessee, that early lenient offer was rejected by the defendant and the state was required to proceed to trial, risking the possibility of losing the case entirely if Mrs. Hudson's "apprehensiveness" hardened into non-cooperation. As it turned out, it did not. She testified against Turner, and he was convicted of two counts of kidnapping and one count of murder in the first- degree.

The convictions and the seventy-year sentence that resulted have now been set aside. The defendant, save for the unconstitutional ineptness of his retained counsel, would ordinarily be entitled to no more than a trial with the prospects of acquittal and freedom on the one hand, or a conviction and confinement for any number of years up to life on the other. The state of Tennessee, as prosecutor, has done nothing improper to bring about that state of affairs. The compelling motivation it once had to "give away the store," in the form of a two-year plea agreement, no longer exists, however. Nevertheless, the state has offered to allow Turner to plead guilty to a single count of aggravated kidnapping rather than the two counts of aggravated kidnapping and one of murder in the first degree, and to recommend a sentence of not more than twenty

years. Whether Tennessee should be permitted to rescind its previous two-year plea offer in favor of its present twenty-year offer is a matter to be resolved by the state trial judge. No reason has been shown, however, to justify imposing upon the proceedings a judicial determination that the offer the state presently has on the table reflects presumptively vindictive retaliation against the accused for proving that he was the victim of the unconstitutional ineffectiveness of his retained counsel.

I would return the proceedings to the trial court for a hearing requiring the state of Tennessee to show cause why the original two-year plea offer should not be reinstated, but without the application of any presumption in the matter because it is evident from the record before us that the state's twenty-year plea offer does not "pose a realistic likelihood of vindictiveness." *Goodwin, supra; Blackledge, supra.*

*Turner,* 858 F.2d at 1209–10.

No light is cast by the Supreme Court's *Smith* decision upon what the majority has approved in this case because the facts of the two cases are so distinctly different. *Smith* involves application of a vindictiveness presumption to judicial action, whereas here, the majority approves application of a vindictiveness presumption to executive discretion— a plea bargain offer. Nothing in the *Pearce/Goodwin/Blackledge* jurisprudence justifies applying a presumption of vindictiveness to the government's discretionary authority to offer or not to offer a plea bargain, as it wished.