Randy HAIGHT, Appellant,

v.

George F. WILLIAMSON, Special Judge and Commonwealth of Kentucky, Real Party in Interest, Appellees.

No. 91–SC–578–MR.

Supreme Court of Kentucky.

May 14, 1992.

Rehearing Denied Aug. 26, 1992.

Allison Connelly, Asst. Public Advocate, Dept. of Public Advocacy, Frankfort, Erwin W. Lewis, Asst. Public Advocate, Dept. of Public Advocacy, Richmond, for appellant.

Barbara M. Whaley, Paul W. Richwalsky, Jr., Asst. Attys. Gen., Frankfort, for appellees.

## OPINION OF THE COURT

Appellant, Randy Haight, pursuant to CR 76.36(7)(a), petitions review by this Court as a matter of right. The principal issues presented are: (1) whether appellant is entitled to specific enforcement of a pretrial plea agreement at his retrial where said retrial resulted from an appellate court order to grant appellant's motion to withdraw his plea of guilty and to reinstate the original indictment, (2) whether prosecutorial vindictiveness is to be implied from the Commonwealth's pursuit of the penalty of death upon retrial after promising at the first trial to recommend a sentence of life without parole on each of two counts of murder, and sentences of twenty years on each of two counts of first-degree robbery, (3) whether appellant was implicitly acquitted of the murder and robbery charges by wrongful sentencing of death by the trial judge according to RCr 9.84 as it was written in 1986, and thus would be subjected to a violation of his right against double jeopardy if the Commonwealth seeks the penalty of death at retrial, and (4) whether denial of appellant's petition for a writ of prohibition was proper, according to § 110 of the Kentucky Constitution.

The Court of Appeals on May 31, 1991, denied appellant's petition for issuance of a writ of prohibition in which appellant sought specific enforcement of an April 10, 1986 plea agreement or in the alternative removal of death as a possible penalty in the retrial of his case for the robberies and murders of Pat Vance and David Omer. Appellant now petitions this Court for reversal of the Court of Appeals' decision.

A procedural overview of the case is as follows: Appellant was indicted by the Garrard County Grand Jury on September 3, 1985 on two counts of murder, two counts of first-degree robbery, and possession of a handgun by a convicted felon. After arraignment and entry of a plea of not guilty, the Commonwealth on November 8, 1985 gave written notice that the death penalty would be sought. Following negotiations between counsel for the appellant and counsel for the Commonwealth concerning a plea bargain, appellant filed a "Waiver of Further Proceedings and Petition to Enter Plea of Guilty" with a pretrial plea agreement at the scheduled guilty plea hearing on April 10, 1986.

The plea agreement provided that appellant would enter a plea of guilty to two counts of murder and two counts of first-degree robbery as contained in the Garrard Circuit Indictment No. 85–CR–032. In return the Commonwealth agreed to recommend sentences of life without parole for twenty-five years on each count of murder, and sentences of twenty years on each count of first-degree robbery. All sentences were to be served concurrently. The fifth count charging possession of a handgun was dismissed pursuant to a motion by the prosecutor. Also contained within the agreement was a promise by the Commonwealth to "take no action inconsistent [with those stated] therewith."

After a discussion between the trial judge and appellant's counsel concerning whether the court had discretion to impose the death penalty in light of the previously entered plea agreement, appellant filed a motion to enter the recommended sentences or to withdraw his plea of guilty on June 24, 1986. On September 11, 1986 the

trial judge overruled appellant's motion to withdraw his plea of guilty and held appellant's motion to enter the recommended sentence in abeyance pending court sentencing. The next day in the final judgment the trial judge imposed the penalty of death.

Appellant on June 22, 1987 filed a motion with this court seeking enforcement of the plea agreement by requesting an order requiring the Office of the Attorney General for Kentucky to refrain from filing briefs in support of the trial court's sentence. On July 31, 1987 this Court overruled appellant's motion. Finding that appellant's plea was defective and that the trial court thus erred in overruling his motion to withdraw it, this Court in an opinion rendered September 8, 1988, vacated both the trial court's final judgment and the May 8, 1986 order accepting appellant's guilty plea. *Haight v. Commonwealth,* Ky., 760 S.W.2d 84 (1986). The opinion further directed that, "[a]ll charges in the indictment as originally returned by the Grand Jury are reinstated and this cause is remanded to the trial court for a plea to the crimes charged." *Id.*

Appellant filed a petition for rehearing on September 15, 1988 before this Court seeking removal of the original trial judge and a determination whether the trial judge's actions substantially prejudiced appellant by usurping prosecutorial discretion in deciding whether to seek the death penalty. The petition was denied.

In anticipation of the retrial, appellant filed a motion in the Garrard Circuit Court on October 18, 1989 to exclude death as a possible penalty, the trial date having been set for November 13, 1989. In a November 1, 1989 hearing considering this motion, appellant was arraigned and a plea of not guilty was entered to the charges. Following this hearing, Special Judge George F. Williamson was assigned to the case and a change of venue to Jefferson Circuit Court was made. On June 11, 1990 the Commonwealth notified appellant that it would seek the death penalty. On July 26, 1990 Judge Williamson overruled appellant's motion to exclude death as a possible sentence.

Appellant next filed a motion to enforce the original plea agreement and in the alternative to construe terms of the plea agreement. The trial judge overruled this motion on August 30, 1990. In response to this denial, appellant then filed a petition for a writ of prohibition on December 11, 1990 with the Court of Appeals seeking to prevent Judge Williamson from trying appellant on grounds that the April, 1986 plea agreement should be specifically enforced, or in the alternative that death should be removed as a possible penalty. On March 14, 1991 we denied the Court of Appeals' recommendation to transfer this original action. Appellant's petition for the writ of prohibition was then denied by the Court of Appeals on May 31, 1991.

## ISSUANCE OF WRIT OF PROHIBITION

■ Issuance of, or a refusal to issue a writ of prohibition is in the sound discretion of the court. *Rowley v. Lampe,* Ky., 331 S.W.2d 887 (1960). Basis for granting such relief lies when the petitioner shows that:

(1) the lower court is proceeding or about to proceed outside of its jurisdiction and there is no adequate remedy by appeal, or (2) the lower court is about to act incorrectly, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise great injustice and irreparable injury would result. *Tipton v. Commonwealth,* Ky. App., 770 S.W.2d 239 (1989); *Hobson v. Curtis,* Ky., 329 S.W.2d 565 (1959).

A writ of prohibition thus is granted only in exceptional situations where there is no other adequate remedy at law to prevent a miscarriage of justice. *Graham v. Mills,* Ky., 694 S.W.2d 698 (1985). Thus any violations of constitutional rights in a criminal conviction provide no basis for issuance of a writ. *Hobson v. Curtis, supra.*

## SPECIFIC ENFORCEMENT OF THE PLEA AGREEMENT AND PROSECUTORIAL VINDICTIVENESS

■ Appellant urges this Court to apply contract law principles to the 1986 plea agreement and order its specific enforcement. Because he entered a plea of guilty

before the trial court, appellant argues he detrimentally relied on the promise of the Commonwealth in taking no action inconsistent with the agreement, i.e., that the Commonwealth upon retrial would continue to recommend the sentence bargained for within the original plea agreement.

When this Court in *Haight, supra,* vacated both the final judgment of the trial court and the May 8, 1986 trial court order accepting appellant's guilty plea, all charges in the original Grand Jury indictment were reinstated and the cause was "remanded to the trial court for a plea to the crimes charged." *Id.,* at 89. In so doing, this Court granted appellant's motion proffered before the trial court requesting withdrawal of his plea.

The instant case is distinguishable from *Workman v. Commonwealth,* Ky., 580 S.W.2d 206 (1979) and *Commonwealth v. Reyes,* Ky., 764 S.W.2d 62 (1989) where this Court ruled that a plea agreement is binding when the defendant has either entered a plea or taken action to his detriment in reliance of the offer, and the Commonwealth attempts to disregard its part of the bargain. Unlike *Workman, supra,* and *Reyes, supra,* the Commonwealth consistently presented the recommended sentence found within the 1986 plea agreement at the initial trial. Thus the rationale underlying *Workman, supra,* and *Reyes, supra,* is inapplicable.

■ Similarly, no prosecutorial vindictiveness may be implied. Paralleling language found in *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), this Court in *Haight, supra,* after granting withdrawal of appellant's guilty plea and reinstating all charges in the original indictment, "remanded the case to the trial court for a plea to the crimes charged." *Id.* at 89. This language shows that in deciding *Haight, supra,* this Court contemplated that there could be a retrial on the original charges and that the Commonwealth might abandon the recommended sentence found within the plea agreement.

*Turner v. Tennessee,* 940 F.2d 1000 (6th Cir.1991), an opinion cited by appellant that involves the issue of prosecutorial vindictiveness is distinguishable from the case at bar. In *Turner, supra,* the Court of Appeals for the Sixth Circuit ordered that the prosecution must overcome a presumption of vindictiveness when it offered a less favorable plea bargain than one initially rejected by the defendant, following vacation of defendant's conviction as the result of ineffectiveness of counsel relating to rejection of the first plea bargain offer. In the case at bar appellant's request to withdraw his guilty plea was honored in our previous opinion. *Haight, supra.* With reinstatement of the original indictment and appellant's entry of a plea of not guilty to these charges, appellant returned to the place he was in before the plea agreement was entered. The Commonwealth exhibits no prosecutorial vindictiveness for there is no appearance of retaliation when a defendant is placed in the same position as he was in before he accepted the plea bargain. *United States v. Anderson,* 514 F.2d 583, 588 (7th Cir.1975).

## DOUBLE JEOPARDY

■ Whether the prosecution's pursuance of the death penalty at retrial violates appellant's constitutional rights against double jeopardy under former RCr 9.84 and *Ricketts v. Adamson,* 483 U.S. 1, 107 S.Ct. 2680, 97 L.Ed.2d 1 (1987), is answerable upon appeal. Thus prohibition will not lie under this issue. *Vinson v. Warren,* Ky., 425 S.W.2d 562 (1968).

## CONCLUSION

Applying standards found in *Rowley v. Lampe, supra, Tipton v. Commonwealth, supra,* and *Hobson v. Curtis, supra,* we find the Court of Appeals exercised proper discretion in denying appellant's petition for a writ of prohibition. Specific enforcement of the plea agreement and appellant's request to remove death as a possible penalty are denied according to *Haight, supra; Santobello, supra;* and *United States v. Anderson, supra.* Appellant's double jeopardy issue is reviewable upon appeal.

Therefore denial of appellant's petition is affirmed.

All concur.