Ali SHAMAEIZADEH, M.D., Appellant,

v.

Hon. Judith MCDONALD–BURKMAN, Judge, Jefferson Circuit Court, Appellee.

and

Kentucky Medical Licensure Board Real Party in Interest.

No. 2001–SC–0543–MR.

Supreme Court of Kentucky.

May 16, 2002.

David R. Marshall, Lexington, Counsel for Appellant.

Honorable Judith McDonald–Burkman, Judge, Jefferson Circuit Court, Louisville, Counsel for Appellee.

C. Lloyd Vest II, Kentucky Board of Medical Licensure, Louisville, Counsel for Real Party in Interest.

LAMBERT, Chief Justice.

The Kentucky Board of Medical Licensure issued an order revoking Appellant's medical license. Appellant appealed to the Circuit Court. On April 6, 2000, Appellant's motion in Circuit Court for a temporary injunction was granted. The language of that order is as follows:

Temporary Order

The Petitioner comes before the Court for a temporary injunction for the duration of which would last the litigation of

this matter before the Court and on Appeal...

. . . .

IT IS HEREBY ORDERED that the Order Revoking Petitioner's medical license is hereby temporarily enjoined from being effective and the Petitioner shall retain his medical license until such time as his judicial review is complete.

The issues on appeal are whether the order was a temporary injunction or temporary restraining order and whether it was intended to remain in effect beyond the final judgment of the Circuit Court.

The Circuit Court rendered its final judgment affirming the Board's Order of Revocation of Appellant's medical license. Appellant filed a Motion for Rule with the Circuit Court requesting that it require the Board to show cause why it should not be held in contempt for failing to abide by the Temporary Order. The Circuit Court deferred with the conclusion that it did not have jurisdiction to rule on Appellant's motion because

If the April 6, 2001[sic] Temporary Order is deemed a Temporary Restraining Order, it only remains in force and effect until entry of a Final Judgment. If it is considered a Temporary Injunction, that type of relief is only granted during the pendency of an action and is further resolved by Final Judgment. This mat-

ter is now with the Court of Appeals and the Petitioner has an appropriate vehicle for relief in that Court. Having no jurisdiction, the Court can not rule on this matter and request for a ruling is DENIED.

Appellant then sought Emergency Relief pursuant to CR 65.08(7)[1] and likewise filed a Petition for Writ of Mandamus. The Court of Appeals denied Appellant's Motion for Emergency Relief holding that the Temporary Order expired when the Circuit Court's Final Judgment was entered. Appellant apparently concluded that it would be futile to seek further relief under CR 65.08(1)[2] because the Circuit Court had already held that it lacked jurisdiction to rule on Appellant's contempt motion. The Court of Appeals disagreed.

However, we do not equate the circuit court's denial of the 'Motion For Rule' with a considered determination that the court has no jurisdiction under CR 65.08(1). Appellant had sought only to hold the Board in contempt for violation of the prior order. Appellant did not seek injunctive relief pending appeal. Rulings on such motions by the circuit court frequently determine the status of the parties pending appeal. Even when a party seeks relief under CR 65.08(2), the ruling of the circuit court is a valuable tool in this Court's review.

1. CR 65.08(7). If a movant will suffer irreparable injury before the Court of Appeals may hear the motion, the movant may request emergency relief from a member of the Court which may be granted ex parte if necessary. If such relief is sought ex parte the motion shall state why it is impractical to notify opposing counsel so that they may appear, in person or by phone, before the judge to whom the request for emergency relief is presented.

2. CR 65.08 Interlocutory Relief Pending Appeal From Final Judgment.
(1) After an appeal is taken from a final judgment granting or denying an injunction any party may move the circuit court to grant, suspend or modify injunctive relief during the pendency of the appeal. The circuit court, in its discretion, may provide in the order ruling on the motion that the status existing immediately before the entry of the final judgment shall be maintained for a specified limited time to protect a party wishing to proceed promptly under paragraph (2) of this rule. (2) A party adversely affected by a ruling by the circuit court under paragraph (1) of this rule, may move the Court of Appeals for relief.

**750**

. . . .

It is the opinion of this panel that the appellant's motion does not demonstrate such a chance of success on the merits or such a possibility of irreparable injury that emergency relief is justified. Appellant has not shown a valid reason for failure to make an initial application to the circuit court under CR 65.08(1).

The Court of Appeals denied Appellant's Petition for Writ of Mandamus, holding that

The circuit court's order of April 6, 2000, is most readily interpreted as a temporary injunction which expired when the final judgment was entered. Any relief to which the petitioner may be entitled is available by a motion for intermediate relief in the appeal taken form [sic] the final judgment.

Appellant appeals to this Court as a matter of right. CR 76.36(7).

Appellant argues that this Court should reverse the Court of Appeals because a temporary injunction "shall remain in force until modified or dissolved on motions or until a permanent injunction is granted or denied." CR 65.04(4). He argues that a final judgment does not dissolve a temporary injunction as the Court of Appeals and Circuit Court held and that no motions were made requesting modification or dissolution of the temporary injunction. He contends that the temporary injunction was to remain in effect until appeals were complete and therefore, the Circuit Court should be required to enforce the injunction.

Appellee argues that the Court of Appeals was correct when it held that Appellant should have sought relief under CR 65.08(1) rather than under CR 76.36. Appellee also argues that because Appellant incorrectly sought relief under CR 65.08(2) that fact does not render the available remedy under 65.08(1) inadequate.

For this Court to grant a writ of mandamus, it must be shown that there is no adequate remedy by appeal or otherwise.[3] As the Court of Appeals correctly held, Appellant had a remedy under CR 65.08(1). He could have sought extension of the Circuit Court injunction "for a specified limited time to protect a party wishing to proceed promptly under paragraph (2) of [CR 65.08]." CR 65.08(1). Thereafter, Appellant would have been entitled to review of the Circuit Court decision pursuant to CR 65.08. Moreover, it should not be overlooked that Appellant sought injunctive relief in the Court of Appeals pursuant to CR 65.08(7) and that his motion was denied. The order of the Court of Appeals is hereby affirmed.

All concur.

---

**3.** *Commonwealth v. Maricle,* Ky., 10 S.W.3d 117, 121 (1999) (citing *Tipton v. Commonwealth,* Ky.App., 770 S.W.2d 239 (1989); *Hobson v. Curtis,* Ky., 329 S.W.2d 565 (1959)).