# IMPORTANT NOTICE
## <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

$\mathfrak{S}\text{upreme}\ \mathfrak{Court}\ \text{of}\ \mathfrak{Kentucky}$ FINAL

2005-SC-000966-MR DATE 4-12-07 _E. Grovampl._

RENEE HAMMOND, ET AL.                                          APPELLANTS

V.
ON APPEAL FROM THE COURT OF APPEALS
NO. 2005-CA-002061

HON. MICHAEL D. FOELLGER, JUDGE,
CAMPBELL CIRCUIT COURT, ET AL.                                 APPELLEES

## MEMORANDUM OPINION OF THE COURT

## AFFIRMING

On October 3, 2005, Judge Michael Foellger of the Campbell Circuit Court denied the motion of the Cabinet for Health and Family Services for change from re-unification of the child, Madison Neary, with her mother, Corina Neary, to that of relative placement with Madison's paternal aunt and uncle, Renee and Gary Hammond of North Carolina. The court found the requested change to be premature and held that the goal should remain "return to parent" under KRS 610.125. Appellants, the Hammonds, and Appellant, the Guardian Ad Litem for Madison, filed a Motion in the Court of Appeals for Immediate Relief in Nature of Prohibition on October 6, 2005. The motion was denied on December 6, 2005. Appellants now appeal to this Court as a matter of right.[1] For the reasons set forth herein, we affirm the Court of Appeals.

---

[1] CR 76.36(7)(a).

On July 9, 2004, Corina Neary (hereinafter "Mother") gave birth to Madison Neary. On or about September 3, 2004, Madison was removed from the care of her Mother and the Cabinet placed her under the care of Tina Carter, a foster parent. Due to her Mother's incarceration, Madison was found to be dependent and was committed to the Cabinet. As of July 1, 2004, there was no contract between Tina Carter and the Cabinet regarding foster parent services.

Upon placement of Madison with Tina Carter, the Cabinet created a plan with the Mother aimed at reunifying the family upon her release from the Kenton County Jail. An amended Petition was subsequently filed on October 14, 2004, and on December 16, 2004, a warrant was issued for the arrest of the Mother for a probation violation. On March 22, 2005, the Mother was arrested and was sentenced to two years in prison.

On July 25, 2005, the Cabinet filed a Motion to change the permanency goal to that of relative placement with Appellants, the Hammonds. Tina Carter moved for custody under KRS § 199.473(2) and KRS § 620.140.

At trial on October 3, 2005, Appellants filed a Motion to Dismiss for lack of standing, asserting that Tina Carter had no standing to seek custody. Additionally, Appellants moved the court to clarify the basis for its authority for a "best interests" hearing. After hearing arguments from all the parties, the court recognized Tina Carter as having standing as an "other" person based on KRS § 620.140(1)(c) and dismissed Appellants' motions. The court found that it was in the best interests of the child to remain with Tina Carter, reasoning that because of Appellants' distant domicile in North Carolina, they were not the least restrictive alternative. Appellants subsequently sought relief in the nature of a writ of prohibition, which was denied by the Court of Appeals.

2

We have long held that a writ of prohibition "is granted only in exceptional situations where there is no other adequate remedy at law to prevent the miscarriage of justice."[2] The standard of review for denial of a writ of prohibition is abuse of discretion.[3] Furthermore, this Court has recognized that a writ of prohibition is an extraordinary remedy and has "always been both cautious and conservative in entertaining petitions for and in granting such relief."[4]

Appellants argue that where a question of law is involved, the review may be de novo, and that the present case "hinges purely on questions of law because it was the trial court's erroneous application of the law that resulted in the very ruling the Appellants seek relief from." However, this argument overlooks Grange Mut. Ins. Co. v. Trude[5] held that "the proper standard actually depends on the class, or category, of a writ case."[6] This Court explained:

> [I]n most of the cases under the second class of writ cases, i.e., where the lower court is acting within its jurisdiction but in error, the court with which the petition for a writ is filed only reaches the decision as to issuance of the writ once it finds the existence of the "conditions precedent," i.e., no adequate remedy on appeal, and great and irreparable harm. If these procedural prerequisites for a writ are satisfied, whether to grant or deny a petition for a writ is within the lower court's discretion.[7]

We find no abuse of discretion here. The trial court was clearly within its jurisdiction in ruling on the issues concerning the child as a result of the dependency ruling. Furthermore, Appellants have not demonstrated that the court erred in making

---

[2] Haight v. Williamson, 833 S.W.2d 821, 822 (Ky. 1992).
[3] Id. at 823.
[4] Bender v. Eaton, 343 S.W.2d 799, 800 (Ky. 1961).
[5] 151 S.W.3d 803 (Ky. 2004).
[6] Id. at 810.
[7] Id.

the series of rulings to keep the child in the jurisdiction to continue the established permanency plan. Appellants also fail to prove irreparable injury since they cannot claim a right to custody of the child. Their expectations arose solely through the Cabinet. Moreover, Appellants' argument that the child is being denied her "basic right...to be part of her biological family" is inconsistent since the court's actions have all been directed toward eventual return of the child to her biological mother.

The Family Court Division of the Campbell Circuit Court had the authority and responsibility to hear all matters related to the custody and care of the child. Pursuant to Baker v. Webb[8] the court appropriately allowed Tina Carter to present evidence as to the best interests of the child. With the passage of KRS § 23A.100, the General Assembly created a court with the authority to hear all custody matters related to children who are the subject of custody cases (including all matters in the nature of actions for custody or actions arising from dependency, neglect, or abuse). Procedurally, this case was brought back to the Court by the Cabinet for a review of a prior dispositional determination. Following the motion for review, Tina Carter filed a motion for custody pursuant to KRS § 403.270 and at the hearing of this matter stated that she desired to be considered as a placement alternative under KRS § 620.140(1)(c). The Family Court held these grounds to be a proper basis for Tina Carter to bring an action seeking custody. Tina Carter, as the primary caregiver and foster parent, had a significant interest in the outcome of the proceedings.

In Baker, this Court stated as follows:

> In so holding, we are ensuring that all options for a permanent placement are afforded children in need of a

---

[8] 127 S.W.3d 622 (Ky. 2004).

4

home. Evaluating several possible homes only more thoroughly serves the overriding legislative policy of considering the best interests of the child.[9]

Baker involved cousins of a child who had already been adopted by foster parents seeking custody of the child. This Court, in finding fault with the Cabinet, did note that relatives are to be considered for placement of a child. However, the clear holding of that case, as stated above, is that the Court should consider which placement of a child best fits within the best interests of the child. Here the Family Court made a reasonable determination on a matter within its jurisdiction, and we find no abuse of discretion on the part of the Court of Appeals in denying extraordinary relief.

For the reasons set out above, the judgment of the Court of Appeals is affirmed.

Lambert, C.J., and Cunningham, Noble, and Scott, JJ., and Special Justices John B. Brown and Charles J. Lavelle, concur. Schroder, J., not sitting.

---

[9] Id. at 625-26.

COUNSEL FOR APPELLANTS:

Deanna L. Dennison
DENNISON & ASSOCIATES
524 Greenup Street
Covington, KY  41011

Martin Haas, Jr.
27 East Fourth Street
Covington, KY  41011

COUNSEL FOR APPELLEES:

Honorable D. Michael Foellger
Judge, Campbell Circuit Court
330 York Street
Newport, KY  41071

Margo L. Grubbs
GRUBBS LAW PLLC
327 West Pike Street
Covington, KY  41011

Stuart Paul Brown
O'HARA, RUBERG, TAYLOR, SLOAN & SERGENT
25 Crestview Hills Mall Road, Ste. 201
P. O. Box 17411
Covington, KY  41011