**Lloyd D. MAYER, Petitioner,**

**v.**

**Joseph J. BRADLEY, Judge of the Fayette Circuit Court, Division No. 2, Respondent.**

Court of Appeals of Kentucky.

Dec. 13, 1963.

Frank S. Ginocchio, Lexington, for appellant.

Rufus Lisle, Harbison, Kessinger, Lisle & Bush, Lexington, for appellee.

CLAY, Commissioner.

This is an original proceeding in which the petitioner seeks to prohibit the judge of the Fayette Circuit Court from enforcing a pre-trial order requiring the production of books and records under CR 34.

The petitioner was sued by a former partner with whom he had been associated in the practice of medicine. Various claims and counterclaims were asserted. Among them was the claim that since January 15, 1961 the petitioner was practicing medicine in Fayette County in violation of the partnership contract. The partner who was suing the petitioner moved the Court under CR 34 to require petitioner to produce books and records showing the patients he had treated since January 15, 1961 and the nature of the treatment.

Petitioner contends these books and records are irrelevant to the issues; that the partner requesting this information did not show good cause; that in a certain respect the order was unauthorized; that the order requires the disclosure of confidential matter; and that this disclosure may subject petitioner to civil liability. Without deciding the merit of these contentions, a cursory examination fails to disclose that the objections to the order are meritorious. Certainly it does not clearly appear that this order violates any rights of the petititoner or is contrary to the purposes of CR 34 and other discovery rules.

Even if the interlocutory order was erroneous, the extraordinary remedy here sought may not ordinarily be invoked. Bender v. Eaton, Ky., 343 S.W.2d 799. As pointed out in that case, the petitioner must not only show error, but that a substantial miscarriage of justice will result and correction of the error is necessary and appropriate in the interest of orderly judicial administration. Petitioner has failed to establish either, much less both, of the latter two necessary elements which would make it appropriate to grant relief.

Relief by way of an order of prohibition is denied.