Honorable William L. GRAHAM, Circuit Judge, Franklin County, Kentucky and Commonwealth of Kentucky, Appellants,

v.

Frances Jones MILLS, Appellee.

Supreme Court of Kentucky.

June 13, 1985.

Rehearing Denied Sept. 5, 1985.

David L. Armstrong, Atty. Gen., Ronald C. Zellar, Asst. Atty. Gen., Frankfort, for appellants.

Denney, Morgan & Rather, Julius Rather, Lexington, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals granting a writ of prohibition restraining the circuit judge from conducting further criminal proceedings against Frances Jones Mills, who is now Kentucky State Treasurer, in his court while the Attorney General acts as prosecutor.

The principal issues presented are whether the Court of Appeals acted correctly in granting prohibition and whether KRS 15.-715 is local and special legislation contrary to Section 59 of the Kentucky Constitution.

This case arises from complaints received in 1983 by the State Personnel Board from an employee working in the office of Secretary of State that several employees were carried on improper payrolls and other related problems. Based on the Personnel Board's preliminary investigation, it was determined that there was a possible violation of the Kentucky State Personnel Law, KRS 18A.145, and the matter was referred to the Attorney General. During the subsequent investigation, the Franklin County Commonwealth Attorney cooperated and never objected to or questioned the authority of the Attorney General to act. On two occasions, when evidence was submitted to the regular Franklin County Grand Jury, arrangements were made by the local Commonwealth Attorney for the appearance of the Attorney General. Ultimately, the investigation resulted in indictments returned by the Franklin County Grand Jury on June 1, 1984, against Frances Jones Mills and seven of her past and present employees. She was charged with violations of the Merit System Law, KRS 18A.140, ten counts of theft by deception, and violations of KRS 522.020, official misconduct.

Ms. Mills challenged the authority of the Attorney General to participate in the proceedings in the Franklin Circuit Court. The Court of Appeals granted a writ of prohibition and this appeal followed.

This Court reverses the decision of the Court of Appeals. We hold it erroneously granted the writ of prohibition because the trial court had jurisdiction, and Mills had an adequate remedy at law by appeal. Further, the circuit judge was not clearly incorrect in allowing the Attorney General to act as prosecutor.

I

A writ of prohibition is an extraordinary remedy authorized by Sections 110

and 111 of the Kentucky Constitution. It may be used by a court in a discretionary manner and only when the situation is so exceptional that there is no other adequate remedy at law to prevent a miscarriage of justice. *Shumaker v. Paxton,* Ky., 613 S.W.2d 130 (1981); *Warecke v. Richardson,* Ky., 468 S.W.2d 795 (1971); *Pace v. Wolfinbarger,* Ky., 420 S.W.2d 561 (1967).

▮ The Franklin County circuit judge has subject matter and personal jurisdiction. The offenses occurred in Franklin County. Mills argues that she will suffer great injustice and irreparable harm if she is forced to proceed to trial, found guilty and then it is later determined that the Attorney General has no authority to prosecute. Her constitutional claim does not cause her situation to be different than others claiming a defect in the prosecution. The normal standards for writs of prohibition as noted in *Shumaker, supra,* and *Pace, supra,* have not been met. In cases involving a claimed constitutional defect, as a general rule the remedy of appeal is adequate and prohibition is not proper. *See Harrod v. Meigs,* Ky., 340 S.W.2d 601 (1960); *Hobson v. Curtis,* Ky., 329 S.W.2d 565 (1959); *Chesapeake and Ohio Railway Co. v. Murphy,* Ky., 234 S.W.2d 969 (1950); *Engle v. Miller,* Ky., 199 S.W.2d 123 (1947). The interpretation placed on *Harrod* by the Court of Appeals and relied on by Mills is improper. The jurisdiction of the Franklin Circuit Court is not an issue in this case.

▮ KRS 15.715(4) is clear and unambiguous. Mills will suffer no greater harm or irreparable injury proceeding with this criminal trial than any other criminal defendant.

The Court of Appeals abused its discretion and erroneously granted the writ of prohibition. The decision of the Court of Appeals is reversed.

## II

▮ Mills claims KRS 15.715(4) is local and special legislation contrary to Section 59 of the Kentucky Constitution. But the constitution does not forbid legitimate classification that is based on natural and reasonable distinctions. *Jefferson Co. v. Cole,* 204 Ky. 27, 263 S.W. 1114 (1924).

Franklin County is the seat of government and the place of payments from the State Treasury. It is not illogical, arbitrary or unreasonable to authorize prosecution at this location for offenses involving payments of state funds. The Attorney General is an appropriate officer to investigate and prosecute any person who wrongfully receives compensation from the state treasury for violations of the criminal laws of this state involving state funds along with certain other offenses enumerated within the statute.

Here the offenses occurred in Franklin County. All parties worked in Frankfort and were state employees. KRS 15.715(4) does not apply exclusively to state employees but involves any person who receives compensation from the state treasury. This classification by the legislature is not unjust or arbitrary and should not be disturbed.

Franklin County is the location and headquarters of state government. It could be an undue burden on the County Attorney or Commonwealth Attorney to represent the Commonwealth in actions described in KRS 15.715(4). The General Assembly has previously adopted KRS 69.010, in which relief was given to the local Commonwealth Attorney in civil actions. Both legislative decisions are legitimate and logical classifications. The Attorney General is the best equipped to prosecute crimes against the State Treasury because of the size of his office and his investigative and financial resources. When KRS 15.715(4) is read together with KRS 15.020 and 15.700, it is reasonable, logical and constitutional. *See Economy Optical Co. v. Kentucky Board of Optometric Examiners,* Ky., 310 S.W.2d 783 (1958).

▮ The fact that a legislative act deals with a special subject does not make it special legislation where the legislature establishes a classification based on reasonable and natural distinctions. There is no violation of Section 59 of the Kentucky

Constitution. *Kling v. Geary*, Ky., 667 S.W.2d 379 (1984).

■ The Franklin Commonwealth Attorney has not been established as a class of one. KRS 15.715(4) applies state wide and can affect all Commonwealth Attorneys. Although Franklin County is the logical venue for prosecution of crimes involving state funds from the State Treasury, the violations and offenses described in the statute may be prosecuted in any county where the offense occurs. Criminal venue is in the county or city in which the offense was committed. KRS 452.510. Where the offense is committed partly in one and partly in another county, then the prosecution may be in either county. KRS 452.550; *See Hodges v. Commonwealth*, Ky.App., 614 S.W.2d 702 (1979). Consequently the statute applies equally to all in a class and may affect any and all Commonwealth Attorneys.

■ It is the responsibility of this Court to draw all reasonable inferences and implications from the act as a whole and thereby if possible sustain the validity of the act. *See Budget Marketing, Inc. v. Commonwealth, ex rel Stephens*, Ky., 587 S.W.2d 245 (1979); *See also Kentucky Milk Marketing and Anti-Monopoly Com'n v. Borden Co.*, Ky., 456 S.W.2d 831 (1969). There is a strong presumption of constitutionality afforded to the enactments of the General Assembly. Legislative classification will not be disturbed unless so manifestly arbitrary or unjust as to impose a burden on, or exclude, one or more of a class without a reasonable basis in fact. Where a classification is established, the classification is constitutional if made upon a reasonable and natural distinction relating logically to the law. All of these constitutional requirements have been met in this situation.

The implication that if the Attorney General committed an offense included within the statute there would be no one to prosecute him is without foundation. If an errant Attorney General committed an offense, the following opportunities would be available for prosecution: 1) by the Franklin County or local Commonwealth Attor-

ney, 2) impeachment, 3) a writ of mandamus, 4) disqualification or, 5) prosecution by his successor in office.

It should be pointed out that the Attorney General does not have exclusive responsibility in regard to prosecutions under KRS 15.715. The statute does not specify that the Attorney General has sole responsibility to prosecute these offenses. If the Attorney General does not act for any reason the Commonwealth Attorney may then prosecute. In this case, the Commonwealth Attorney was advised by the Attorney General of the nature of the investigation and fully cooperated although never offering specific assistance. The amicus curiae brief filed by the Franklin Commonwealth Attorney states that he fully supports the actions of the Attorney General.

The Attorney General may act as prosecutor under constitution Sections 91 and 93, when so directed by statute. His statutory authority here is set out by KRS 15.715(4). KRS 15.700 created a unified and integrated prosecutorial system, and the general supervision of criminal justice was placed in the office of Attorney General as chief law enforcement officer. *See Commonwealth, ex rel Stumbo v. Wilson*, Ky., 622 S.W.2d 912 (1981). The legislature in 1976 and 1980 enacted KRS 15.715. The General Assembly has repeatedly provided legislative authorization to the Attorney General for investigation and criminal prosecutions. KRS 15.715(4) carefully sets out specific duties for the Attorney General for crimes involving the state treasury. The Attorney General has continued to act as prosecutor and the statute is constitutional.

The decision of the Kentucky Court of Appeals in granting a writ of prohibition was erroneous and the writ is hereby dissolved. The prosecution may continue with the Attorney General as prosecutor.

All concur except STEPHENS, C.J., and VANCE, J., who concur only in that the proper remedy is by appeal and not by prohibition.