Tracy L. AVERY, Appellant,

v.

William KNOPF, Judge, Jefferson Circuit Court James C. Nicholson, Special Judge, Jefferson Circuit Court, Appellees.

Sisters of St. Francis Health Services, Inc., etc. and Dr. James D. Charasika.

No. 90–SC–472–MR.

Supreme Court of Kentucky.

April 11, 1991.

As Amended May 14, 1991.

Donald H. Smith, Smith & McGee, Louisville, for appellant.

W. Gregory King, Ogden, Sturgill & Welch, Louisville, for appellee, Dr. James D. Charasika.

Frank P. Doheny, Jr., Jann B. Logsdon, Susan R.H. Gernert, Woodward, Hobson & Fulton, Louisville, for appellee, St. Anthony Hosp.

Charles J. Cronan IV, Kelly Mark Easton, Stites & Harbison, Louisville, amicus curiae, Kentucky Medical Ass'n.

Edgar A. Zingman, Susan B. Turner, Candace A. Shaughnessy, Carole D. Christian, Wyatt, Tarrant & Combs, Louisville, amicus curiae, Kentucky Hosp. Ass'n.

SPAIN, Justice.

This is an appeal as a matter of right from an order of the Court of Appeals denying appellant's petition for a writ of prohibition. The writ was sought to be directed to appellees as judges of the Jefferson Circuit Court seeking to prevent their continued enforcement of protective orders quashing appellant's motions to compel production of peer review documents.

The discovery mentioned above was sought by appellant in her medical negligence action against James Charasika, M.D. (86–CI–10120).

In denying the writ, the Court of Appeals gave as its reason the fact that appellant has an adequate remedy by appeal, citing *Shumaker v. Paxton,* Ky., 613 S.W.2d 130 (1981), which states at page 131:

The writ of prohibition is an extraordinary remedy and not a substitute for the appellate process. Such writs are generally issued only when lower courts are proceeding or are about to proceed outside their jurisdiction and there is no adequate remedy by appeal, or when they are about to act incorrectly, although within their jurisdiction "... and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury would result to the applicant if they should do so." *Evans v. Humphrey,* 281 Ky. 254, 258, 135 S.W.2d 915, 917 (1940).

Appellant argues in this Court that irreparable injury will result to her if she is denied access to peer review records and documents because if she should lose her malpractice suit against the physician, or if she should prevail but get inadequate dam-

ages, appeal would not make her whole. This reasoning is specious because it presupposes that the peer review records will afford her admissible evidence supporting her claim of medical negligence. Rank speculation is hardly an adequate basis for a finding of irreparability.

Since we agree with the Court of Appeals in its denial of the writ, we do not reach the arguments of appellant with regard to the constitutionality of various statutes of the General Assembly rendering certain medical peer review records confidential. Moreover, as we said in *Graham v. Mills*, Ky., 694 S.W.2d 698 (1985):

> In cases involving a claimed constitutional defect, as a general rule the remedy of appeal is adequate and prohibition is not proper.

STEPHENS, C.J., and LAMBERT, LEIBSON, REYNOLDS and WINTERSHEIMER, JJ., concur.

COMBS, J., dissents by separate opinion.

COMBS, Justice, dissenting.

I respectfully dissent, and would grant the writ. Without an opportunity to review the requested peer review records, it is very unlikely that this litigant would be able to survive a motion for directed verdict. What good is a remedy if there is no way to enforce it? This litigant is entitled to examine these records to determine what the reviewing staff had to say about the quality of medical services provided her, and who provided them. The prejudice to her in denying discovery far outweighs any disadvantage that the medical staff may suffer from disclosure. All the plaintiff wants to see is what the doctors candidly said about the treatment she received. In other words, all she wants is the truth. I see no reason why it should be denied her.