**APPALACHIAN REGIONAL HEALTH CARE, INC. and Harlan Appalachian Regional Hospital and Florias A. Morfesis, M.D., Appellants,**

v.

**Hon. Ron JOHNSON, Appellee,**

**Sheila Potter, Real Party In Interest.**

**No. 92–SC–1049–MR.**

Supreme Court of Kentucky.

May 27, 1993.

Rehearing Denied Sept. 30, 1993.

Donald K. Brown, Jr., Gerald R. Toner, O'Bryan, Brown & Toner, Louisville, for Appalachian Regional Health Care, Inc. and Harlan Appalachian Regional Hosp.

Joe L. Travis, Somerset, for Florias A. Morfesis, M.D.

Edgar A. Zingman, Susan Barnett Turner, Carole D. Christian, Wyatt, Tarrant & Combs, Louisville, for amicus curiae, Kentucky Hosp. Ass'n.

Joshua E. Santana, Brown, Bucalos, Santana & Bratt, P.S.C., Lexington, for Sheila Potter, Real Party In Interest.

SPAIN, Justice.

Appellants appeal as a matter of right. from a Court of Appeals order denying a writ of prohibition under CR 76.36. The question for this Court is whether the Court of Appeals correctly denied appellants' Petition for a Writ of Prohibition even though KRS 311.-377 specifically proscribes the discovery of Peer Review documents "in any civil action, in any court."

On January 4, 1991, the appellant, Florias Andrew Morfesis, M.D., removed Sheila Potter's gall bladder and, in so doing, allegedly created complications resulting in numerous corrective, intrusive, and complicated procedures. A claim of malpractice ensued by Ms. Potter against Dr. Morfesis, Appalachian Regional Health Care, Inc., and the Harlan Appalachian Regional Hospital as defendants.

In pursuit of her claim, plaintiff discovered the following: Dr. Morfesis had his clinical privileges to practice medicine at a New York hospital revoked for what was determined to be a pattern of unethical behavior and poor medical judgment. Subsequently, Dr. Morfesis applied for and was denied admission to practice medicine in South Carolina. Afterwards, Dr. Morfesis applied for and was denied a license to practice medicine in Kentucky.

Dr. Morfesis appealed this latter denial by the Kentucky Medical Licensure Board and a hearing regarding the appeal was held on December 9, 1988. At the hearing, a representative of the Appalachian Regional Hospital testified that the license should be issued because it was willing to take responsibility for closely supervising and monitoring Dr. Morfesis' practice. The appeal board was told by the hospital that, one, they would assign a mentor and supervisor to Dr. Morfesis; two, they would conduct a comprehensive and random review of approximately one hundred patient files of Dr. Morfesis on a yearly basis; and, three, they would have Dr. Morfesis undergo a rigid peer review process.

As a result of the assurances given by the hospital, Dr. Morfesis was issued a probationary license. Sheila Potter's operation was performed during the probationary period.

In her complaint, the plaintiff alleged negligence on the part of the Appalachian Regional Health Care, Inc., and the Harlan Appalachian Regional Hospital (Hospital) for their failure to exercise reasonable care with respect to their screening and evaluation of physicians seeking or holding staff privileges. On April 24, 1992, the plaintiff sought certain discovery through means of a Request for Production of Documents propounded to the doctor and similar requests propounded to the hospital on May 6, 1992.

In response to plaintiff's motion, on May 19, 1992, counsel for the Doctor and counsel for the Hospital filed a Motion for a Protective Order "preventing plaintiff from introducing or attempting to introduce peer review records of disciplinary proceedings in this state." The plaintiff responded on June 12, 1992, by filing a Motion to Compel Discovery and specifically sought an order:

> compelling the defendants to disclose and make available all peer review, .... which relate directly or indirectly, to Dr. Morfesis' performance.

On June 17, 1992, the hospital responded to plaintiff's Motion to Compel, interposing the privilege and protection afforded by KRS 311.377(2), which states as follows:

> At all times in performing a designated professional review function, the proceedings, records, opinions, conclusions, and recommendations of any committee, board, commission, medical staff, professional standard review organization or other entity, as referred to in subsection (1) of this section shall be confidential and privileged and shall not be subject to discovery, subpoena, or introduction into evidence, in any civil action in any court or any administrative proceeding before any board, body or committee whether federal, state, county, or city, except as specifically provided by the board in KRS 311.605(2). This subsection shall not apply to any proceeding gov-

erned exclusively by federal law or federal regulation.

On June 19, 1992, plaintiff replied to the hospital's response, relying upon *Sweasy v. King's Daughters Memorial Hospital,* Ky., 771 S.W.2d 812 (1989). *Sweasy* held that the statutory privilege of confidentiality provided under KRS 311.377 was limited to suits against peer review entities. More specifically, it held that the statute did not provide a privilege against the discovery of documents generated through the peer review process in a medical negligence action brought by a patient against a doctor and his hospital.

On July 10, 1992, an order allowing review of the documents was granted by the trial court. At Appellants' request, and with the concurrence of Ms. Potter, the order provided that

> ... the materials are to be kept confidential and distribution of these materials to anyone other than counsel in the case is forbidden. The materials are to be kept under seal, are subject to disclosure only through court order, and disclosure in violation of this order will be punishable by sanction.

Still, Appellants filed a petition for a writ of prohibition in the Court of Appeals, asking that the trial court be prohibited from ordering the discovery of peer review records pursuant to KRS 311.377(2). The Court of Appeals denied the petition.

In its Opinion dated November 11, 1992, the Court of Appeals held that:

> ... the Court has carefully reviewed the petitions, the responses, and the record provided and is of the opinion that Respondent (Judge Johnson) did not act erroneously within his jurisdiction in holding that *Sweasy, supra,* is still effective and controlling. Clearly, peer review records relating to a physician charged with negligence are discoverable. Further, the court notes that respondent's order contains specific measures to maintain confidentiality of these records.

It is from this holding that the appellants appeal.

Appellants argue that the plain meaning of KRS 311.377(2) precludes the hospital from producing peer review materials during discovery. However, this argument does not address the appropriateness of a writ of prohibition in the case *sub judice.* Even in cases involving a claimed constitutional defect, it is generally the law that the remedy of appeal is adequate and prohibition is not proper. *Avery v. Knopf,* Ky., 807 S.W.2d 55 (1991).

Appellants argue that if the hospital produced peer review materials, irreparable harm would occur which could not be addressed successfully in a later appeal. However, in *Mayer v. Bradley,* Ky., 401 S.W.2d 224 (1963), a writ of prohibition was sought to block production of certain medical records. In refusing to grant relief, the predecessor to this court noted that "[e]ven if the interlocutory order was erroneous, the extraordinary remedy here sought may not ordinarily be invoked." *Id.* at 225.

KRS 311.377 was enacted to allow individuals who sit on medical review boards the privilege to be free from lawsuits filed against them by disgruntled practitioners, dissatisfied with the reviewers' findings. We, therefore, concur with the Court of Appeals finding that respondent (Judge Johnson) acted properly within his jurisdiction in holding that *Sweasy, supra,* is still effective and controlling.

Next, appellants argue that *Sweasy* does not control the 1990 General Assembly's re-enactment of KRS 311.377 even though *Sweasy* held that the 1980 version of KRS 311.377 was unconstitutional because it violated Section 51 of our Kentucky Constitution requiring that "no law shall relate to more than one subject and that subject shall be expressed in the title."

While this is an interesting argument, we fail to see how it is appropriate for the remedy of a writ of prohibition. The writ of prohibition is an extraordinary remedy and not a substitute for the appellate process. *Shumaker v. Paxton,* Ky., 613 S.W.2d 130 (1981). Further, the trial court order contains specific measures to maintain confidentiality of these records. Therefore, the appellants have not demonstrated that they will

suffer irreparable harm from the discovery of these documents, nor have they shown that their remedy of appeal is inadequate.

The opinion of the Court of Appeals is affirmed.

All concur except LAMBERT, J., not sitting.