# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: MARCH 25, 2021
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2020-SC-0138-MR

C.C., A JUVENILE                                                                                          APPELLANT

V.

ON APPEAL FROM COURT OF APPEALS
NO. 2019-CA-0312
KENTON CIRCUIT COURT NO. 16-00576-004

HONORABLE CHRISTOPHER J. MEHLING,                                          APPELLEE
KENTON CIRCUIT COURT JUDGE

AND

COMMONWEALTH OF KENTUCKY                      REAL PARTY IN INTEREEST

**OPINION AND ORDER**

**DISMISSING**

Before this Court is an appeal from the Court of Appeals' denial of a writ of mandamus sought by C.C., who initiated this original action in the Court of Appeals when he was still a juvenile.

The underlying family court case involved a status-offense charge of being a habitual runaway brought against C.C. when he was 16 years old. To the Court of Appeals, C.C. asserted (1) the Kenton Family Court was without subject-matter jurisdiction over this charge under the Kentucky Juvenile Code (KJC), specifically arguing the charge was based on a defective complaint that should be dismissed and (2) the Commonwealth had denied him mandatory

consideration for diversionary measures required by Kentucky Revised Statute (KRS) 610.030 and KRS 630.050.

We dismiss this appeal because C.C.'s writ application is moot. The underlying habitual-runaway charge has been dismissed by the trial court, and C.C. is no longer a minor.

## I. FACTUAL AND PROCEDURAL BACKGROUND

C.C. was a child under 18 when he was charged with being a habitual runaway under KRS 630.020(1), a juvenile-status offense defined under KRS 600.020(32).[1]  On January 22, 2019, C.C.'s mother filed a juvenile complaint alleging C.C.'s runaway status.  Both parents claimed C.C. had run away from home three weekends in a row.

In response to the juvenile complaint, Kenton Family Court Judge Christopher J. Mehling issued a custody order for C.C., and C.C.'s father delivered him to the Independence Police Station later the same day.  C.C. was lodged in a juvenile detention center overnight.  Following a detention hearing before Judge Mehling the next morning, C.C. was released to his family on restrictions and with an ankle monitor.

At the later adjudication hearing, C.C. argued his habitual-runaway case should be dismissed for lack of jurisdiction.  His first reason was that the charges were based on a procedurally defective complaint submitted to the

---

[1] *See* KRS 600.020(32) ("Habitual runaway" means any child who has been found by the court to have been absent from his or her place of lawful residence without the permission of his or her custodian for at least three (3) days during a one (1) year period[.]").

CDW,[2] affidavit missing, which failed to comport with mandatory process requirements under KRS 610.030(1). His second reason was that he was eligible for diversion by statute and that he had been improperly denied consideration for diversion before he was compelled to appear before the family court. Judge Mehling ruled even if the complaint was defective, he would allow the defect to be cured, that cases of suspected habitual runaways, unlike other status offenses, were not subject to mandatory diversion, and that the Kenton Family Court had jurisdiction over C.C. because of a pending dependency petition, which happened to be scheduled for a hearing the following day and in which the Cabinet was recommending residential treatment for C.C. So Judge Mehling initially declined to dismiss the habitual-runaway petition.

C.C. then instituted this original action in the Court of Appeals seeking a writ to command Judge Mehling to dismiss the habitual-runaway petition because the Judge was proceeding against C.C. without subject-matter jurisdiction. The Court of Appeals declined to issue the writ, holding the family court had jurisdiction because the defects in the original juvenile complaint had been cured and because it, too, found that suspected habitual runaways are treated different under the KJC than other status offenses. Specifically, the Court of Appeals held that:

> [H]abitual runaway cases in which the child has been detained under an emergency protective order are an exception and [] noncompliance with KRS 610.030(6) and KRS 630.050 does not deprive the family court of subject matter jurisdiction because KRS 610.012, pertaining specifically to suspected habitual runaways, is more specific, and therefore,

---

[2] Court Designated Worker.

3

controls . . . . Accordingly, the offer of diversion or referral to the FAIR team was not required prior to instituting a status offense case in the family court.

C.C.'s appeal to this Court followed as a matter of right.[3] He asserts an additional violation of constitutional Due Process and Equal Protection based on the different treatment of habitual runaways relative to other status offenders. The Commonwealth rightly points out that this issue was not raised before the Court of Appeals.

## II. STANDARD OF REVIEW

The issuance of a writ is an extraordinary remedy disfavored under Kentucky law.[4] "[T]he issuance of a writ is inherently discretionary. Even if the requirements are met, and error found, the grant of a writ remains within the sole discretion of the Court."[5] While we review the Court of Appeals' legal conclusions de novo, we review its factual findings for clear error and will reverse the Court of Appeals' ultimate denial of the writ only if it abused its discretion.[6]

---

[3] Ky. Const. § 115 ("In all cases, civil and criminal, there shall be allowed as a matter of right at least one appeal to another court. . . ."); Kentucky Rule of Civil Procedure (CR) 76.36(7)(a) ("An appeal may be taken to the Supreme Court as a matter of right from a judgment or final order in any proceeding originating in the Court of Appeals.").

[4] *Caldwell v. Chauvin*, 464 S.W.3d 139, 144 (Ky. 2015) (citing *Ridgeway Nursing & Rehab. Facility, LLC v. Lane*, 415 S.W.3d 635, 639 (Ky. 2013)).

[5] *Commonwealth v. Shaw*, 600 S.W.3d 233, 237 (Ky. 2020) (citing *Caldwell*, at 145–46) (internal quotations omitted). *See also Graham v. Mills*, 694 S.W.2d 698, 699–700 (Ky. 1985).

[6] *Appalachian Racing, LLC v. Commonwealth*, 504 S.W.3d 1, 3 (Ky. 2016).

### III.  ANALYSIS

There are two classes of writs: one, where the lower court is proceeding or is about to proceed without jurisdiction or in excess of its jurisdiction and there is no remedy through an application to an intermediate court;[7] and two, where the lower court is proceeding in a case over which it has jurisdiction but is acting or will soon act erroneously and there exists no adequate remedy by appeal or otherwise.[8]

C.C. alleges procedural defects deprived the family court of subject-matter jurisdiction.  Thus, as the Court of Appeals correctly found, C.C. sufficiently asserted a claim for relief under the first class of writ.

Before us, C.C. specifically asserts two material procedural defects, first, that the charge was based on an incomplete complaint, and second, that the Commonwealth failed to follow diversionary procedures for juveniles as mandated by statute.  Both in the family court proceedings and by writ petition to the Court of Appeals, C.C. has for those two reasons consistently requested the dismissal of the petition for lack of subject-matter jurisdiction.

Significantly, after he filed the writ application but before the Court of Appeals reviewed it on the merits, the Kenton Family Court dismissed the habitual-runaway charge.  The Commonwealth then argued in opposition to

---

[7] *Henderson Cty. Health Care Corp. v. Wilson*, 612 S.W.3d 811, 816 (Ky. 2020) (citing *Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2004)).

[8] *Id.*

5

C.C.'s writ application that the issue of the family court's jurisdiction was moot and that the Court of Appeals should dismiss the writ application as well.

When the Court of Appeals rendered a decision in April 2020, C.C. was still only 17 years old, having been born in June 2002. The Court of Appeals considered the Commonwealth's mootness argument but decided that since C.C. was still a minor a risk remained that similar issues could arise for him again. While the Court of Appeals acknowledged the case was not, it found C.C.'s claims to be the type of case that is capable of repetition yet evading review. The Court of Appeals then reviewed the merits of C.C.'s writ application and declined to issue a writ, finding the complaint in the record sufficiently complete and highlighting in the KJC a statutory basis to except habitual runaway cases from other status offenses subject to automatic diversionary review.

Now before this Court, C.C. is no longer a child. He reached the age of majority in June 2020, approximately a month before the parties presented arguments on appeal to this Court in July 2020. The habitual runaway case against C.C. is over, and the record does not indicate similar charges were ever again brought against C.C. after the Court of Appeals denied his petition.

We need not delve deeper into the Court of Appeals' holding concerning mootness. The only given reason the Court of Appeals found to justify its review of the writ application was because C.C was still a minor at the time. That is no longer the case, so that reason no longer bears on this case. So

while the parties did not argue mootness or the evading-review exception in this appeal, we must find the matter is now moot.

The evading-review exception no longer applies, assuming it ever did. The decision whether to apply the exception involves two questions: whether (1) the challenged action is too short to be fully litigated before its cessation or expiration, and (2) a reasonable expectation exists that the same complaining party would be subject to the same action again.[9]

We can answer the first question in the negative. Timely remedy by writ is typically available where a party claims a defect or lack of jurisdiction,[10] and often the issue is resolved in a lower court without resort to writ in the first place.

The second question can also be answered in the negative, because C.C. cannot be subject to the same action again. Being a habitual-runaway is a status offense that can only be asserted against a child,[11] C.C.'s writ application claimed defects only at issue under the KJC, and, most importantly, C.C. is no longer a child. The same charge cannot be brought against him again, not even hypothetically, so there is no longer reason for this

---

[9] *Philpot v. Patton*, 837 S.W.2d 491, 493 (Ky. 1992) (quoting *In re Commerce Oil Co.*, 847 F.2d 291, 293 (6th Cir. 1988)) (quotations omitted).

[10] *Wilson*, at 816.

[11] *See* KRS 600.020(32) ("Habitual runaway" means any *child* who has been found by the court to have been absent from his or her place of lawful residence without the permission of his or her custodian for at least three (3) days during a one (1) year period[.]") (emphasis added); KRS 600.020(9) ("Child" means any person who has not reached his or her eighteenth birthday . . .").

Court to address the procedural defects that allegedly existed before the charge was dismissed.

Because C.C.'s petition and appeal are now moot, we no longer have a live controversy before us to resolve. Accordingly, we decline to pass on the merits of the Court of Appeals' resolution of C.C.'s writ petition.

## IV. ORDER

For the reasons cited, this Court ORDERS that this appeal is dismissed.

Dated: March 25, 2021

All sitting. All concur.

_____
CHIEF JUSTICE

COUNSEL FOR APPELLANT:

John Wampler
Department of Public Advocacy

COUNSEL FOR APPELLEES:

Daniel J. Cameron
Attorney General of Kentucky

Todd Dryden Ferguson
Assistant Attorney General