RENDERED: OCTOBER 20, 2022
TO BE PUBLISHED

# Supreme Court of Kentucky

## 2022-SC-0011-MR

G.P.                                                                                          APPELLANT

V.
ON APPEAL FROM COURT OF APPEALS
NO. 2021-CA-1174
JEFFERSON CIRCUIT COURT NO. 21-H-001138

HONORABLE ANGELA MCCORMICK BISIG,                         APPELLEE
JUDGE, JEFFERSON CIRCUIT COURT DIV.
10

AND

COMMONWEALTH OF KENTUCKY                    REAL PARTY IN INTEREST

AND

## 2022-SC-0125-MR

C.M.                                                                                          APPELLANT

V.
ON APPEAL FROM COURT OF APPEALS
NO. 2021-CA-1468
JEFFERSON CIRCUIT COURT NO. 21-H-000611-001

HONORABLE ANNIE O'CONNELL, JUDGE,                              APPELLEE
JEFFERSON CIRCUIT COURT DIV. 2

AND

COMMONWEALTH OF KENTUCKY                    REAL PARTY IN INTEREST

**OPINION OF THE COURT BY JUSTICE KELLER**

**<u>AFFIRMING</u>**

In this Opinion, we consider appeals from the denial of two petitions for writs of prohibition. These appeals are before us on allegations of the unconstitutionality of recently-enacted Kentucky Revised Statute (KRS) Chapter 202C, which creates a procedure for indefinite involuntary commitment for incompetent criminal defendants. For the reasons stated below, we affirm the Court of Appeals' denial of both writ petitions.

## I.     BACKGROUND

On April 1, 2021, KRS 202C went into effect. The statutes were written to close a perceived loophole in KRS 202A and 202B, the statutes governing involuntary civil commitment. Under KRS 202A, a mentally ill person may be involuntarily hospitalized if 1) they present a danger or threat of danger to self, family, or others because of the mental illness, 2) they can reasonably benefit from treatment, and 3) hospitalization is the least restrictive alternative. KRS 202A.026. KRS 202B requires the same criteria be met for involuntary commitment of an intellectually disabled person, rather than a mentally ill person. KRS 202B.040. Both KRS 202A and 202B require that an individual be able to "reasonably benefit from treatment." So, if a person is found to be incapable of reasonably benefitting from treatment, then they are not eligible for involuntary commitment under KRS 202A or 202B.

To create a process to involuntarily commit an incompetent criminal defendant who cannot reasonably benefit from treatment, the legislature passed House Bill (HB) 310, creating KRS 202C. KRS 202C only applies to persons charged with "qualifying offenses," which include capital offenses,

2

Class A felonies, Class B felonies resulting in death or serious physical injury, First-Degree Rape, and First-Degree Sodomy. KRS 202C.010(12). If a defendant is found incompetent to stand trial and unlikely to regain competency, then the Commonwealth's attorney's office must file a Petition for Involuntary Commitment under KRS 202C. KRS 202C.020(1). After this filing, the defendant[1] is appointed a guardian ad litem and defense counsel, if the defendant does not already have counsel. KRS 202C.020(2). With these representatives, the defendant must then appear for an adversarial evidentiary hearing. KRS 202C.030. At that hearing, a judge must determine if the defendant is guilty of the underlying crime by a preponderance of the evidence. KRS 202C.030(3).

If the Commonwealth establishes guilt by a preponderance of the evidence, then the defendant proceeds to a commitment hearing. KRS 202C.040. There, a fact finder must determine if the defendant meets the following criteria:

> (a) The respondent presents a danger to self or others as a result of his or her mental condition;
> (b) The respondent needs care, training, or treatment in order to mitigate or prevent substantial physical harm to self or others;
> (c) The respondent has a demonstrated history of criminal behavior that has endangered or caused injury to others or has a substantial history of involuntary hospitalizations under KRS Chapter 202A or 202B prior to the commission of the charged crime; and
> (d) A less restrictive alternative mode of treatment would endanger the safety of the respondent or others.

---

[1] The defendant in the criminal action is the respondent in the civil commitment action.

KRS 202C.050. If each of these criteria is met, then the defendant is involuntarily committed indefinitely at the Kentucky Correctional Psychiatric Center (KCPC). The incompetent defendant may be discharged from this indefinite commitment if and when he demonstrates that he no longer meets the criteria set out above. KRS 202C.060.

When the writ petitions at issue here were filed, both G.P. and C.M. were in the midst of KRS 202C proceedings, albeit at different stages.[2] G.P. was indicted in 2018 for one count of murder. After G.P. was found incompetent to stand trial, the Commonwealth filed a Petition for Commitment under KRS 202C. C.M. was indicted for one count of first-degree rape (victim under 12 years of age), one count of first-degree assault, and one count of first-degree robbery in 2019. As with G.P., after C.M. was found incompetent to stand trial, the Commonwealth filed a Petition for Commitment for C.M. under KRS 202C.

G.P. and C.M. filed petitions for writs of prohibition at the Court of Appeals requesting relief from the alleged unconstitutional process set out in KRS 202C. They filed these writs before an ultimate determination on their commitment was made by a trial court, but *after* being confined following the initiation of KRS 202C proceedings. G.P. and C.M. asked that court, as they do ours, to prohibit the KRS 202C process from continuing in each of their cases.

---

[2] Because the details of their alleged crimes are largely irrelevant to the issue of their writ petitions, and out of respect for their anonymity, we do not discuss their backgrounds at length in this Opinion.

To the Court of Appeals, G.P. and C.M. each argued that the legislature did not comply with Kentucky constitutional requirements for legislative procedure in passing House Bill 310, which created KRS 202C. *See* KY. CONST. §§ 46, 51. They further argued that KRS 202C applies retroactively, thus violating KRS 446.080 and 446.110. Finally, both C.M. and G.P. argued that KRS 202C violates a defendant's due process rights by depriving him of a jury of his peers as well as the "beyond a reasonable doubt" standard for guilt, and by forcing an incompetent person to be tried on the facts of a case when he cannot, by definition, assist in his own defense. In two separate opinions, the Court of Appeals denied both writ petitions. The Court of Appeals reasoned that G.P. and C.M. did not meet the criteria for writ relief because they each have an adequate remedy by appeal. Both G.P. and C.M. appealed the denials of relief to this Court, maintaining their arguments on appeal.

## II.    ANALYSIS

When a trial court acts within its jurisdiction, as in the underlying cases at bar, this Court only grants writs of prohibition where 1) the petitioner has no adequate remedy by appeal, and 2) the petitioner would suffer "great injustice and irreparable injury" absent the relief sought. *Avery v. Knopf*, 807 S.W.2d 55, 55 (Ky. 1991) (quoting *Shumaker v. Paxton*, 613 S.W.2d 130, 131 (Ky. 1981)). The second requirement may be set aside in "certain special cases . . . [where] a substantial miscarriage of justice will result if the lower court is proceeding erroneously, *and* correction of the error is necessary and appropriate in the interest of orderly judicial administration." *Bender v. Eaton*, 343 S.W.2d 799,

5

801 (Ky. 1961). Even under the special cases exception, however, this Court's precedent requires no adequate remedy by appeal. *Id.* ("[The] [t]est [for irreparable injury], however, unlike [the test for adequate remedy by appeal], is not an absolute prerequisite.").

"In cases involving a claimed constitutional defect, as a general rule the remedy of appeal is adequate and prohibition is not proper." *Graham v. Mills*, 694 S.W.2d 698, 700 (Ky. 1985) (citations omitted); *see also Avery*, 807 S.W.2d at 55; *Harrod v. Meigs*, 340 S.W.2d 601 (Ky. 1960). The basis for the relief sought by both G.P. and C.M. is the alleged unconstitutionality of KRS 202C. That statute provides an avenue for habeas relief following an official determination of incompetence. Further, this Court sees no reason why a final order demanding indefinite involuntary commitment could not itself be appealed. Thus, G.P. and C.M. have failed to meet the criteria for writ relief because there is an adequate remedy by appeal for their constitutional arguments.

G.P. and C.M. argue that they do not have an adequate remedy by appeal because the irreparable injury they allege stems from being forced to participate in the process prescribed by KRS 202C itself. The petitioner in *Graham* analogously argued that "she will suffer great injustice and irreparable harm if she is forced to proceed to trial . . . and then it is later determined that the Attorney General has no authority to prosecute." *Graham*, 694 S.W.2d at 700. However, in that case, we held that "[h]er constitutional claim does not cause her situation to be different than others claiming a defect in . . .

6

prosecution." *Id.* Accordingly, we determined that she had an adequate remedy by appeal. *Id.*

To support their argument that writ relief is appropriate, G.P. and C.M. assert that the harm they allege is similar to being forced to undergo a trial in violation of double jeopardy. *See Dunn v. Maze,* 485 S.W.3d 735, 741 (Ky. 2016). The petitioners' reasoning for this alleged likeness stems from their being committed while "waiting for a direct appeal," or "waiting to appeal a final commitment order." This is a similar restriction on liberty to that suffered by a criminal defendant incarcerated and appealing a conviction. Accordingly, it is not similar to double jeopardy, but rather is the way the appellate process works across any reviewing body after which an initial determination of commitment is made. Furthermore, double jeopardy is different than the alleged harm herein because the double jeopardy clause is an express guarantee that a defendant will not be required to undergo a second trial on the same crime. *Id.* If he is required to undergo that second trial, "these aspects of the guarantee's protections would be lost." *Abney v. United States,* 431 U.S. 651, 662 (1977). There is no such loss of an express constitutional guarantee that these defendants will endure if required to go through the KRS 202C process and subsequently appeal.

Like the petitioner in *Graham,* G.P. and C.M. seek relief from a process rather than a result. However, we decided in *Graham* that constitutional challenges to statutory procedures should, generally, be brought by appeal. G.P. and C.M., if they wish to challenge KRS 202C, may do so on appeal. To

7

reiterate: "Even in cases involving a claimed constitutional defect, it is generally the law that the remedy of appeal is adequate and prohibition is not proper." *Appalachian Reg'l Health Care, Inc. v. Johnson*, 862 S.W.2d 868, 870 (Ky. 1993) (citation omitted).

This is not to say, however, that G.P. and C.M.'s constitutional arguments are without merit. Indeed, the issues raised in these matters are serious and deserving of constitutional review. Under our caselaw, however, that review cannot take place through writ relief.

### III. CONCLUSION

For the foregoing reasons, we affirm the decision of the Court of Appeals to deny both writ petitions.

All sitting. All concur.

COUNSEL FOR APPELLANTS, G.P. AND C.M.

Elizabeth B. McMahon
Louisville Metro Public Defender's Office

APPELLEES:

Hon. Angela McCormick Bisig

Hon. Annie O'Connell

COUNSEL FOR REAL PARTY IN INTEREST, COMMONWEALTH OF KENTUCKY:

Daniel Cameron
Attorney General of Kentucky

Matthew F. Kuhn
Brett R. Nolan
Michael R. Wajda
Office of the Solicitor General