# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, RAP 40(D), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: JUNE 15, 2023
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2022-SC-0365-MR

M. L. S.                                                      APPELLANT

V.

ON APPEAL FROM COURT OF APPEALS
NO. 2022-CA-0651
JEFFERSON CIRCUIT COURT
NOS. 20-F-009095, 22-H-000405 & 22-H-000405-001

HONORABLE BRIAN C. EDWARDS,                  APPELLEE
JUDGE, JEFFERSON CIRCUIT COURT

AND

COMMONWEALTH OF KENTUCKY         REAL PARTY IN INTEREST/
APPELLEE

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

M.L.S. appeals to this Court from the Court of Appeals' denial of a writ to prohibit the Jefferson Circuit Court from proceeding with the Commonwealth's petition to involuntarily commit M.L.S. The underlying basis of the relief sought by M.L.S. is that recently enacted KRS[1] Chapter 202C, codifying the commitment process, is unconstitutional. This Court recently considered the same constitutional arguments raised by M.L.S. in another writ case.[2] We

---

[1] Kentucky Revised Statutes.

[2] In September 2022, this Court heard oral argument in the combined cases of *G. P. v. Hon Angela McCormick Bisig, Judge, Jefferson Circuit Court, Div. 10., and Commonwealth of Kentucky*, Case No. 2022-SC-0011-MR; and *C.M. v. Hon Annie O'Connell, Judge, Jefferson Circuit Court, Div. 2, and Commonwealth of Kentucky*, Case

concluded that the petitioners in that case, *G.P. v. Bisig*,[3] had an adequate remedy available by appeal and affirmed the Court of Appeals' denial of a writ of prohibition. We likewise conclude M.L.S. has an adequate remedy by appeal and affirm the Court of Appeals.

## FACTUAL AND PROCEDURAL BACKGROUND

M.L.S. was charged in Jefferson District Court with assault in the first degree. Defense counsel moved for an evaluation to determine whether M.L.S. was competent to stand trial. After M.L.S. was examined at the Kentucky Correctional Psychiatric Center (KCPC), the Jefferson District Court held a competency hearing. The District Court found M.L.S. incompetent but that there was a substantial probability the M.L.S. might regain competency in the foreseeable future. Pursuant to KRS 504.110, the District Court ordered M.L.S. to return to KCPC for treatment for an additional 60 days, unless she was found competent to stand trial within that period.

In March 2022, the Jefferson District Court found M.L.S. incompetent and unlikely to regain competency in the foreseeable future. On the same date, the Commonwealth filed a petition in Jefferson Circuit Court for M.L.S.'s involuntary hospitalization pursuant to KRS Chapter 202C,[4] codifying House Bill 310 which had been signed into law on April 1, 2021. Defense counsel

---

No. 2022-SC-0125-MR. The Court rendered its decision in October 2022, a few days after M.L.S. filed the instant appeal. M.L.S. noted that her appeal raised the same issues before the Court in those two cases.

[3] 655 S.W.3d 128 (Ky. 2022).

[4] *Id.* at 129-30 (describing the involuntary commitment process).

filed objections and moved the circuit court to hold House Bill 310 unconstitutional. After oral argument, the Jefferson Circuit Court denied the motion.

In June 2022, M.L.S. sought a second-class writ of prohibition from the Court of Appeals asserting that the Jefferson Circuit Court erred by failing to find House Bill 310 unconstitutional and requested that the Court of Appeals enter a writ prohibiting the trial court from proceeding with the Commonwealth's petition to involuntarily commit M.L.S. The Court of Appeals denied the petition because M.L.S. failed to show a lack of adequate remedy by appeal or otherwise. This appeal followed.

## ANALYSIS

M.L.S. asserts that KRS 202C is unconstitutional for various reasons, including 1) the General Assembly did not comply with Kentucky constitutional requirements for legislative procedure in passing House Bill 310; 2) KRS 202C applies retroactively in violation of KRS 446.080 and KRS 446.110; and 3) KRS 202C does not afford incompetent defendants adequate due process protection. M.L.S. seeks a writ of the second class, arguing that the circuit court is acting erroneously; that a direct appeal cannot redress the injury created by litigating her case in unconstitutional proceedings, i.e., her injuries include being forced to participate in the proceedings and "run the gauntlet" and potentially suffer a

3

loss of liberty before an appeal may taken; and that the special case exception applies.[5]

As noted above, we recently addressed the same issues and argument in *Bisig* for defendants who, like M.L.S., petitioned for a writ of prohibition at the Court of Appeals before an ultimate determination of commitment was made by the trial court, but after being confined following the initiation of KRS 202C proceedings. Because M.L.S. is similarly situated to the *Bisig* petitioners and presents the same issues and allegations of harm, we adopt this Court's opinion in *Bisig* and incorporate it herein by reference.

In sum, "[a] writ may not be used as a substitute for appeal or to circumvent normal appellate procedure."[6] "Even in cases involving a claimed constitutional defect, it is generally the law that the remedy of appeal is adequate and prohibition is not proper."[7] Here, if the trial court enters a final commitment order, M.L.S. may seek redress of her injuries on appeal, and pursuant to KRS 202C.110, may also petition for a writ of habeas corpus to question the cause and legality of the detention and request that the court issue a writ for release.[8]

## CONCLUSION

---

[5] *See id.* at 131.

[6] *Lawson v. Woeste,* 603 S.W.3d 266, 276 (Ky. 2020) (citing *Nat'l Gypsum Co. v. Corns,* 736 S.W.2d 325 (Ky. 1987); and *Merrick v. Smith,* 347 S.W.2d 537 (Ky. 1961)).

[7] *Appalachian Reg'l Health Care, Inc. v. Johnson,* 862 S.W.2d 868, 870 (Ky. 1993) (citation omitted).

[8] *Id.* at 130-32.

4

Because M.L.S. has an adequate remedy by appeal to redress her allegations of injury, we affirm the Court of Appeals' denial of a writ of prohibition.

All sitting.  All concur.

COUNSEL FOR APPELLANT:

Elizabeth B. McMahon
Leo Gerard Smith
Louisville Metro Public Defender's Office


COUNSEL FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Michael Robert Wajda
Assistant Solicitor General